IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

No. 7:07-CR-54-F
No. 7:10-CV-236-F

| | |
|---|---|
| DONALD SCOTT, )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>Respondent. ) | MOTION TO DISMISS WITH<br>INCORPORATED MEMORANDUM<br>IN SUPPORT |

The United States of America, by and through the United States Attorney for the Eastern District of North Carolina, files this Motion to Dismiss and memorandum pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure and requests that the Court dismiss petitioner's motion. Petitioner attacks his conviction pursuant to 28 U.S.C. § 2255 on the basis of ineffective assistance of counsel.

## BACKGROUND

On May 2, 2007, the United States indicted petitioner for being a felon in possession of a firearm. On November 15, 2007, petitioner pled guilty to violating 18 U.S.C. § 922(g)(1). On March 4, 2008, the Court sentenced petitioner to, among other things, 120 months imprisonment. Petitioner appealed his conviction and sentence. On February 24, 2009, the Fourth Circuit affirmed petitioner's conviction and sentence. On November 19,

2010, petitioner filed this motion to vacate, set aside, or correct his sentence under § 2255.

## ARGUMENT

### A. The Court should dismiss this motion because it is barred by the statute of limitations.

Petitioner's § 2255 motion fails because the statute of limitations period for this claim expired before he filed it. Under amendments to § 2255 in the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214 (1996), a petitioner has one year to file a motion challenging his conviction or sentence from "the date on which the judgment became final." United States v. Sanders, 247 F.3d 139, 142 (4th Cir. 2001); see 28 U.S.C. § 2255 (f). The date for a petitioner who appealed a matter to a circuit court to file a § 2255 motion expires one year after the last day that the petitioner could have filed a petition for certiorari with the Supreme Court. See Clay v. U.S., 537 U.S. 522, 526 (2003).

The Fourth Circuit issued a mandate for its decision affirming this Court's sentence for petitioner on March 8, 2009. Petitioner had one year from ninety days after that date to file a § 2255 motion, June 8, 2010. Petitioner did not file his present motion until after the one year time period passed. Therefore, the Court should dismiss petitioner's § 2255 motion because it is untimely.

2

**B. Petitioner has not stated a claim for ineffective assistance of counsel.**

Petitioner argued that his counsel was ineffective because he failed to object to the number of guns not charged in the indictment and failed to object to the two level enhancement for "stolen firearms." These issues are all just an indirect way for petitioner to appeal his sentence. The Fourth Circuit has already reviewed petitioner's sentence and determined that it was valid when it affirmed this Court's judgment.

To prevail on his ineffective assistance claim, petitioner must satisfy the dual standards of <u>Strickland v. Washington</u>, 466 U.S. 668 (1984). First, he must show that his counsel's efforts fell below an objective standard of reasonableness. <u>Id.</u> at 687-91. Second, petitioner must show that, but for these alleged unprofessional errors, the result would have been different. <u>Id.</u> at 694. Failure to satisfy either standard is fatal to an ineffective assistance claim and must result in dismissal.

Even before the <u>Strickland</u> test is applied petitioner must overcome the strong presumption that his counsel was effective. The Supreme Court held that a review "of counsel's performance must be highly deferential" to the choices made by counsel because it is too easy to find fault with an unsuccessful strategy after the fact. <u>Id.</u> at 689. The Fourth Circuit has confirmed this standard, stating, "counsel are afforded a strong presumption that their performance was within the extremely wide range of

3

professionally competent assistance." Baker v. Corcoran, 220 F.3d 276, 293 (4th Cir. 2000). The Fourth Circuit further clarified that "competency is measured against what an objectively reasonable attorney would have done under the circumstances." Id.

Petitioner has presented no evidence that even approaches the "clear and convincing" standard which is required to overcome the first hurdle articulated in Strickland. Petitioner claimed that he never admitted to the number of guns or the fact that some of the guns were stolen during the plea colloquy. The transcript from that hearing tells a different story. Petitioner told the Court that he had read and discussed the Pre Sentence Report("PSR") with his counsel. (See Docket # 27, p. 2.) Petitioner also told the Court that he had no objection to anything contained in the PSR. (Id. at p. 3.) The PSR contained the information related to the number of guns petitioner possessed and the fact that six of the guns were stolen.

Petitioner also failed to satisfy the second prong of the Strickland test because he has not shown how he would have gotten a different sentence if his counsel had taken some other action. The second prong requires that he show that the results would have been different but for the alleged ineffectiveness. Petitioner presented no legal argument that would lead to the Court changing the way it sentenced him in the first instance. In fact, the Fourth Circuit has already reviewed the conviction and sentence and

4

found that it was proper. Thus, the Court should dismiss petitioner's claims for ineffective assistance of counsel.

### C. The Court did not make a plain error in sentencing petitioner because petitioner admitted to the facts in the PSR.

For the same reasons discussed in the prior section, the Court properly calculated petitioner's guideline range because petitioner admitted in open court that the he had read, understood, and did not object to the PSR. Petitioner admitted in his motion that the Court sentenced him within the applicable guideline range. Again, the Fourth Circuit has already reviewed the conviction and sentence and found that it was proper. Thus, petitioner's argument that the Court committed plain error in sentencing him is wrong, and the Court should disregard it.

### D. The Sentencing Guidelines calculation of criminal history points does not violate the Constitution on double jeopardy grounds.

Petitioner has not stated a claim for a violation of his Constitutional right to be free from double jeopardy. U.S. v. Ambers, 85 F.3d 173, 178 (4th Cir. 1996). The Court may consider past conduct in establishing the sentence for a current conviction without violating the double jeopardy clause of the Constitution. Id. Therefore, the Court should disregard petitioner's claim about the alleged violation of his right to be free from double jeopardy.

5

## CONCLUSION

Based on the foregoing, the United States respectfully submits that the Court should dismiss petitioner's 28 U.S.C. § 2255 petition pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

Respectfully submitted this 3rd day of January, 2011.

>GEORGE E.B. HOLDING
>United States Attorney
>
>
>By:  /s/ W. Ellis Boyle
>     W. ELLIS BOYLE
>Attorney for Respondent
>Assistant United States Attorney
>Civil Division
>310 New Bern Avenue, Suite 800
>Raleigh, NC 27601-1461
>Telephone: (919) 856-4530
>Facsimile: (919) 856-4821
>E-Mail: ellis.boyle@usdoj.gov
>N.C. Bar No.  33826

CERTIFICATE OF SERVICE

I do hereby certify that I have this 3rd day of January, 2011, served a copy of the foregoing upon the below-listed party by placing a copy in the U.S. Mail, addressed as follows:

Donald Scott
Reg. No. 50924-056
United States Penitentiary - McCreary
P.O. Box 3000
Pine Knot, KY 42635

/s/ W. Ellis Boyle
W. ELLIS BOYLE
Attorney for Respondent
Assistant United States Attorney
Civil Division
310 New Bern Avenue, Suite 800
Raleigh, NC 27601-1461
Telephone: (919) 856-4530
Facsimile: (919) 856-4821
E-Mail: ellis.boyle@usdoj.gov
N.C. Bar No. 33826

7