UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

No. 7:07-CR-54-01-F
No. 7:10-CV-236-F

| | | |
|---|---|---|
| DONALD SCOTT, | ) | |
| Movant, | ) | |
| | ) | |
| v. | ) | O R D E R |
| | ) | |
| UNITED STATES OF AMERICA | ) | |
| Respondent.. | ) | |

This matter is before the court on the Government's Motion to Dismiss [DE-34] Donald Scott's ("Scott") "Motion to Vacate, Set Aside or Correct his Sentence" pursuant to 28 U.S.C. § 2255 [DE-32]. Although the time for filing a response has expired, Scott has not responded to the motion to dismiss.

Scott pled guilty to possession of a firearm by a felon in violation of 18 U.S.C. § 922(g)(1) without a plea agreement. He was sentenced on March 4, 2008, to a term of 120 months imprisonment, followed by three years supervised release. *See* [DE-22]. Scott's sentence was reviewed and affirmed on direct appeal in *United States v. Scott*, No. 08-4290 (Feb. 24, 2009). It does not appear that Scott filed a petition for certiorari in the United States Supreme Court. Therefore, for purposes of the one-year statute of limitations under § 2255, Scott's conviction became final one year after expiration of time within which to seek certiorari – 90 days – following the appellate court's decision. Here, Scott's conviction became final in June 2010. His signature on the motion is dated October 10, 2010.[1]

---

[1] Scott misaddressed the envelope containing his § 2255 petition, causing a delay in delivery to the Clerk of the U.S. District Court. *See* [DE-32], Attachments 1 & 2.

Scott realized when he prepared the instant motion that it was untimely. In response to paragraph 18 on the § 2255 form, Scott explained that his motion was delayed because he "is illiterate and did not know he'd been denied by the Appeals Court until another inmate came across his case recently in the inmate law library." Complaint [DE-32], at p. 12. While the one year statute of limitations may be overcome, in order to be entitled to equitable tolling, a petitioner must demonstrate " '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland v. Florida*, ___ U.S. ___, 130 S. Ct. 2549, 2563 (2010) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). A petitioner's inability to read or write does not constitute an "extraordinary circumstance" or excuse ordinary due diligence in keeping track of the status of an appeal. Without any further explanation – and Scott has offered none – the court lacks any factual basis for tolling the statute of limitations.

The court finds that Scott's § 2255 motion is untimely as having been filed outside the one-year statute of limitations. For that reason, and for reasons further stated in the Government's Memorandum [DE-34], it is ORDERED that Scott's § 2255 motion is DISMISSED as untimely. The Government's unopposed Motion to Dismiss [DE-34] is ALLOWED.

A certificate of appealability may issue only upon a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where, as here, a petitioner's constitutional claims are dismissed on procedural grounds, a certificate of appealability will not issue unless the petitioner can demonstrate both "(1) 'that jurists of reason would find it debatable whether the petition [or motion] states a valid claim of denial of a constitutional right' and (2) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.' " *Rose v. Lee*, 252 F.3d 676, 684 (4th Cir. 2001) (quoting *Slack v. McDaniel*,

529 U.S. 473, 484 (2000). "Each component of the § 2253(c) showing is part of a threshold inquiry, and a court may find that it can dispose of the application in a fair and prompt manner if it proceeds first to resolve the issue whose answer is more apparent from the record and arguments." *Slack*, 529 U.S. at 485.

After reviewing the claims presented in Scott's § 2255 petition in light of the applicable standard, the court finds reasonable jurists would not find the court's treatment of any of petitioner's claims debatable or wrong and none of the issue are adequate to deserve encouragement to proceed further. Accordingly, a certificate of appealability is DENIED.

SO ORDERED.

This, the 5th day of April, 2011.

JAMES C. FOX
Senior United States District Judge

3